

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-19-00169-CV

———————————————————

CHESTER WILDER AND CAROLYN WILDER, Appellants

V.

JOHNSTON CUSTOM HOMES, INC. AND JEROLD B. JOHNSTON, Appellees

On Appeal from County Court at Law No. 3
Tarrant County, Texas
Trial Court No. 2017-005058-3

Before Pittman, Birdwell, and Bassel, JJ.
Per Curiam Memorandum Opinion

## MEMORANDUM OPINION

Appellants Chester Wilder and Carolyn Wilder (the Wilders) attempt to appeal from two orders signed by the trial court on April 30, 2019 (the April 30, 2019 Orders): (1) an order striking their motion for summary judgment on claims they brought against Appellees Johnston Custom Homes, Inc. and Jerold B. Johnston and (2) an order striking a new claim that the Wilders added in their second amended petition.

On May 21, 2019, we notified the Wilders of our concern that we may not have jurisdiction over their appeal because neither of the April 30, 2019 Orders appears to be a final judgment or an appealable interlocutory order. We cautioned that we would dismiss this appeal for want of jurisdiction unless we received a response by May 31, 2019 showing grounds for continuing the appeal. *See* Tex. R. App. P. 42.3(a), 44.3.

The Wilders filed a response and amended responses[1] asserting that (1) some of their claims were disposed of in an order[2] granting partial summary judgment for Appellees and (2) the remainder of their claims were disposed of in the April 30, 2019 Orders. Thus, they argue, the trial court has rendered a final judgment.

---

[1]The Wilders filed four amended responses, none of which provide grounds for continuing the appeal.

[2]The hearing that resulted in this order was held on March 28, 2019, and the order was signed on April 4, 2019.

"Texas appellate courts have jurisdiction only over final orders or judgments unless a statute permits an interlocutory appeal." *In re Roxsane R.*, 249 S.W.3d 764, 774–75 (Tex. App.—Fort Worth 2008, orig. proceeding). Here, the trial court has disposed of some of the Wilders' claims but has left others pending, including claims for breach of contract, fraud in the inducement, and violations of the Texas Deceptive Trade Practices Act.

One of the April 30, 2019 Orders granted Appellees' motion to strike the Wilders' motion for summary judgment on the ground that the motion was filed and set for hearing too close to the trial date. The other order signed the same day struck the newly added claim. The Wilders assert that the April 30, 2019 Orders disposed of their remaining claims, but they are incorrect. Neither of the April 30, 2019 Orders states that it is a final order and neither disposes of the Wilders' remaining claims. *See In re Elizondo*, 544 S.W.3d 824, 828 (Tex. 2018) (orig. proceeding) (stating that an order or judgment is final if it finally disposes of all pending claims and parties or if it states that it does). Further, Appellees filed counterclaims, and no order disposing of those claims appears in the record.

The trial court has not rendered either a final judgment or an appealable interlocutory order. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014 (listing orders from which interlocutory appeals may be taken). Accordingly, we dismiss the Wilders' attempted appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f); *Roxsane R.*, 249 S.W.3d at 774–75.

The Wilders have filed a "Motion to Challenge Defect in Clerk's Record" in which they complain that certain documents were omitted from the clerk's record. However, none of the allegedly omitted documents—the Wilders' motion for reconsideration of the trial court's striking of their newly-asserted cause of action, the trial court's order cancelling the trial setting, the trial court's docket sheets, the trial court's order resetting the trial date, and a "register of action" for their case—appear to be a final judgment. Accordingly, we dismiss the motion as moot. Any other pending motions are likewise dismissed as moot.

Per Curiam

Delivered: July 30, 2019